```
┌──────────────────────────────────┐
│ USDC SDNY                         │
│ DOCUMENT                          │
│ ELECTRONICALLY FILED              │
│ DOC #:_____            │
│ DATE FILED:___3/3/2021___         │
└──────────────────────────────────┘
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

Saim Sarwar,

                              Plaintiff,

              -against-

Expert Hospitality LLC,

                              Defendant.

---

1:20-cv-10529 (LGS) (SDA)

**REPORT AND RECOMMENDATION**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE LORNA G. SCHOFIELD, UNITED STATES DISTRICT JUDGE:**

Before the Court is a motion by Plaintiff Saim Sarwar ("Plaintiff") for an award of attorney's fees, costs, litigation expenses and expert fees. (Pl.'s Mot., ECF No. 24.) For the reasons set forth below, I respectfully recommend that Plaintiff's motion be GRANTED IN PART and DENIED IN PART, and that Plaintiff be awarded $5,865.00.

## BACKGROUND

On December 14, 2020, Plaintiff commenced this action against Defendant Expert Hospitality LLC ("Defendant") by filing a Complaint asserting claims under the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. ("ADA") and the New York State Human Rights Law, N.Y. Exec. Law § 296(2)(a) ("NYSHRL"), alleging that Defendant's website was not compliant with relevant laws and regulations. (*See* Compl., ECF No. 1.) Defendant was served with the Complaint on December 21, 2020 (*see* Return of Service, ECF No. 4), but failed to timely respond and a Clerk's Certificate of Default was entered on February 1, 2021. (Cert. Of Default, ECF No. 9.)

On February 5, 2021, Plaintiff filed an application for entry of a default judgment against Defendant (*see* Gillespie 2/1/21 Aff., ECF No. 14), and also filed a proposed form of default

judgment. (*See* Proposed Default Judgment, ECF No. 17.) On February 25, 2021, District Judge Schofield entered the form of default judgment filed by Plaintiff, and added the following endorsement: "By March 2, 2021, Plaintiff shall make any application for attorneys' fees and costs, to include a detailed breakdown of hours expended in attorney and expert time and corresponding billing rates." (*See* Default Judgment, ECF No. 23.)[1]

On February 26, 2021, Plaintiff filed his motion for attorney's fees and costs that is now before the Court. (*See* Pl.'s Mot.) On February 26, 2021, Judge Schofield referred the motion to me.[2] (Order Of Reference, ECF No. 25.)

## LEGAL STANDARDS

The ADA permits a successful plaintiff to recover "a reasonable attorney's fee, including litigation expenses, and costs." *See* 42 U.S.C. § 12205. When exercising their discretion to determine the reasonableness of the attorneys' fees sought, courts in this Circuit use the "presumptively reasonable fee" standard. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). The presumptively reasonable fee, also known as the lodestar, is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). A reasonable hourly rate is "the rate prevailing in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Farbotko v. Clinton Cty. of*

---

[1] Neither Plaintiff's proposed default judgment nor the default judgment entered by the Court address Plaintiff's NYSHRL claim.

[2] Pursuant to Rule 54(d)(2)(D), a district judge "may refer a motion to attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." Fed. R. Civ. P. 54(d)(2). The magistrate judge then enters a recommended disposition of the motion. *See* Fed. R. Civ. P. 72(b)(1).

*N.Y.*, 433 F.3d 204, 208 (2d Cir. 2005) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).

When determining a reasonable hourly rate for an attorney, courts consider both the prevailing

market rates for such legal services, as well as the case-specific factors articulated in *Johnson v.*

*Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Arbor Hill Concerned Citizens*

*Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). The *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3)
> the level of skill required to perform the legal service properly; (4) the preclusion
> of employment by the attorney due to acceptance of the case; (5) the attorney's
> customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time
> limitations imposed by the client or the circumstances; (8) the amount involved in
> the case and the results obtained; (9) the experience, reputation, and ability of
> the attorneys; (10) the "undesirability" of the case; (11) the nature and length of
> the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 186 n. 3. A court does not need to make specific findings as to each factor

as long as it considers all of them when setting the fee award. *See Lochren v. Cty. of Suffolk*, 344

F. App'x 706, 709 (2d Cir. 2009) ("*Arbor Hill* did not hold that district courts must recite and make

separate findings as to all twelve *Johnson* factors.").

"Requested fees must be supported with contemporaneous time records establishing for

each attorney for whom fees are sought, the date on which work was performed, the hours

expended, and the nature of the work done." *Abdell v. City of New York*, No. 05-CV-08453 (RJS),

2015 WL 898974, at *2 (S.D.N.Y. Mar. 2, 2015) (internal quotation marks omitted).

## APPLICATION

Plaintiff moves for an award of $7,152.50 in attorney's fees, litigation expenses and costs,

consisting of $5,312.50 in attorney's fees, filing fees in the amount of $400.00, expert fees in the

amount of $650.00, an anticipated "reinspection fee" in the amount of $650.00 and process

server fees in the amount of $140.00. (*See* Pl.'s Mot. at 20.)

Plaintiff's counsel, Tristan W. Gillespie, requests an hourly rate of $425.00. Mr. Gillespie has been an attorney since 2006 and has extensive experience litigating ADA cases. (*See* Gillespie 2/26/21 Aff., ECF No. 24-4.) However, this was not a difficult case to litigate inasmuch as the Defendant defaulted at the outset. After considering all the relevant *Johnson* factors, the Court finds that an hourly rate of $400.00 is a more appropriate rate. *See Swartz v. HCIN Water St. Assocs., LLC*, No. 17-CV-04187 (ER), 2018 WL 5629903, at *4 (S.D.N.Y. Oct. 31, 2018) (hourly rate of $400 appropriate for "garden-variety" ADA case); *Juscinska v. Meson Sevilla, Ltd*., No. 19-CV-05284 (RA), 2021 WL 706548, at *2 (S.D.N.Y. Feb. 23, 2021) (awarding "an experienced litigator who has litigated many cases under the ADA in this District and has more than fifteen years' experience practicing law in New York" an hourly rate of $375.00). This $400.00 hourly rate is consistent with the rate recently awarded to Mr. Gillespie in an ADA case in the Northern District of Georgia. *See Kennedy v. Avadhoot, LLC*, No. 4:19-CV-00211 (WMR) (WEJ), ECF No. 11 (N.D. Ga. Jan. 9, 2020).[3]

The Court has reviewed the number of hours billed by Mr. Gillespie, *i.e.*, 12.5 (*see* Timesheet, ECF No. 24-7), and finds them to be reasonable. *See Juscinska*, 2021 WL 706548, at *2 (finding that 17 hours was reasonable amount of time spent on ADA case involving motion for default judgment). Thus, I recommend that Plaintiff be awarded $5,000.00 in attorney's fees (*i.e.*, 12.5 hours times $400.00 per hour).

---

[3] In Plaintiff's motion, Plaintiff states that the Northern District of Georgia awarded Mr. Gillespie an hourly rate of $425.00 in *Kennedy*. (*See* Pl.'s Mot. at 4.) However, a review of the Court's Order in *Kennedy* reflects that Plaintiff sought, and the Court awarded, an hourly rate of $400.00 to Mr. Gillespie. (*See Kennedy*, N.D. Ga. 19-CV-00211 ECF No. 11, at 9, 20.) A $425.00 hourly rate was awarded to one of Mr. Gillespie's co-counsel. (*See id*.)

Plaintiff has documented litigation costs in the amount of $540.00, consisting of the $400.00 filing fee (receipt of which is noted on the ECF docket) and $140.00 in service of process fees. (*See* Invoice, ECF No. 24-5.) "Courts generally award reasonable out-of-pocket costs incurred by attorneys and charged to their clients." *Torres v. City of New York*, No. 18-CV-03644 (LGS) (KHP), 2020 WL 6561599, at *8 (S.D.N.Y. June 3, 2020) (internal quotation marks omitted), *report and recommendation adopted*, 2020 WL 4883807 (S.D.N.Y. Aug. 20, 2020). Thus, these litigation costs should be awarded.

This leaves only the issue of expert fees. It is well-established that "[u]nder the ADA, a court may award a plaintiff its expert witnesses' reasonable fees as a litigation expense." *Access 4 All, Inc. v. Hi 57 Hotel, LLC*, No. 04-CV-06620 (GBD) (FM), 2006 WL 196969, at *4 (S.D.N.Y. Jan. 26, 2006) (internal citations and quotation marks omitted). Here, Plaintiff seeks to recover $650.00 for work done by his expert, Daniel Pezza. (*See* Expert Invoice, ECF No. 24-6.) The invoice submitted by Mr. Pezza reflects that he spent 3.25 hours on November 18, 2020 at an hourly rate of $200.00 per hour reviewing six websites, performing an internet search, drafting a report and communicating with counsel. (*See id*.)

In other cases, Mr. Pezza has sought a $600.00 fee for similar work and, in certain of them, his fee has been reduced by one-half to $300.00. *See Kennedy v. R.V. Corp*., No. 19-CV-00092, 2021 WL 744160, at *7 (S.D. Ga. Feb. 25, 2021) ("The Court finds that this $600 'investigation' performed by Mr. Pezza is excessive; all Mr. Pezza did, apparently, was look for information on Defendant's websites and describe whether that information was lacking. The Court finds that $300.00 is a more reasonable fee for Mr. Pezza's investigation."); *Kennedy v. Sun Coast Motels, Inc*., No. 18-CV-01688 (CPT), 2018 WL 6724759, at *2 (M.D. Fla. Dec. 21, 2018) (reducing Pezza's

fee from $600.00 to $300.00). Based upon its review of the invoice submitted, and the record before it, the Court finds that Mr. Pezza's fee should be reduced by 50% to $325.00.

In addition to the expert fees already incurred, Plaintiff seeks to recover a "contemplated" $650.00 "reinspection fee" that is "for the reinspection contemplated after the Defendant completes the repairs of the existing barriers to access, to confirm that the ADA violations have been corrected." (Pl.'s Mot. at 18.) What Plaintiff apparently is proposing is that this amount would be paid at some point in the future to Mr. Pezza for him to re-review the websites he previously reviewed. The Court finds no reasonable basis for awarding costs that have not been incurred, and thus does not recommend awarding the anticipated $650.00 "reinspection fee" to Plaintiff. *See Kennedy v. KSK Investments LLC*, No. 17-CV-00640 (RBD (KRS), 2017 WL 6403072, at *5 (M.D. Fla. Nov. 24, 2017) ("I recommend that the Court find that it is not appropriate to award litigation expenses for a reinspection that has not occurred."), *report and recommendation adopted*, 2017 WL 6387974 (M.D. Fla. Dec. 14, 2017).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Plaintiff's motion be GRANTED IN PART and DENIED IN PART. Specifically, I recommend that Plaintiff be awarded $5,000.00 in attorney's fees and $865.00 in costs and expenses (*i.e.*, $400.00 filing fee, $140.00 for service of process and $325.00 in expert fees).

The Clerk of Court is respectfully requested to mail this Report and Recommendation to Defendant Expert Hospitality LLC at the following address: 611 Degraw Street, Brooklyn, New York 11217.

Dated: March 3, 2021
       New York, New York

_____
**STEWART D. AARON**
**United States Magistrate Judge**

                    *          *          *

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Any requests for an extension of time for filing objections must be addressed to Judge Schofield.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).